Stokes v. Garr.

## STOKES v. GARR.

### In case. Matter of practice.

A commission to take depositions, is not a suspension of a cause, so as to pre-
vent a notice of trial thereof, before the return of the commission; or
without leave of the court.

If a commission be sued out by the defendant, the plaintiff may notice his
cause for trial whenever he thinks there has been time for the return of
the commission.

If the judge think there has been ample time for the return, he will order on
the trial, unless good cause is shown for the delay.

But if there be not sufficient time, the cause will be ordered off without costs.

This cause was noticed for trial at the last January Circuit,
in the county of Bergen. When it was reached upon the calen-
dar, Mr. Cassedy for the defendant, objected to its coming on,
and insisted that it had been prematurely noticed for trial : that
a commission had been regularly sued out at the instance of the
defendant, to take the deposition of a witness residing in the
state of , which had not yet been returned ; and he contended
that the plaintiff had no right to notice the cause for trial, with-
out a previous order of the court, at bar, for leave to do so. In
support of the objection, the defendant's counsel read an affidavit,
which had been made in the month of October preceding, stating
that the commission (which had been sued out in May, 1839) had
not then been returned, and that the defendant had received no
intelligence concerning it. On the other side, it was insisted,
that inasmuch as the affidavit read by the defendant's counsel,
had been made in October, it did not appear but the commission
had been returned since that time : that if in fact it had not been
returned, the defendant ought to assign some reason for the unu-
sual delay : that there had been plenty of time for him to corres-
pond with the commissioner, and ascertain from him whether he
had received the commission, and why it had not been executed
and returned. Besides this, it was asserted by the plaintiff's
counsel and other gentlemen at the Circuit, that the witness
named in the commission, was a near relative of the defendant's;
that he was then in this part of the country, and within a few
days previous to the Circuit, had been seen at the defendant's
house or office. These facts were not denied by the defendant's
counsel, who only alleged his ignorance of them, if true.

Under these circumstances, the judges at the Circuit, refused to postpone the trial, and ordered on the cause; whereupon the defendant's counsel withdrew; the cause was tried in his absence, and a verdict rendered for the plaintiff.

Mr. *George Cassedy* now moved for a rule to show cause, why the verdict should not be set aside &c., on the ground that the cause had been irregularly brought to trial. After reading the affidavit before mentioned, he cited *Rush* v. *Cobbett*, 2 *Johns'. Cas.* 70; *Brain* v. *Rodelicks et al.* 1 *Caines' R.* 73; *Shuter* v. *Hallett, Id.* 115; *Kirby et al.* v. *Watkies, Id.* 503; *Caines' Pr.* 428; and other New-York authorities.

*J. D. Miller*, contra.

The opinion of the Court was delivered by

HORNBLOWER, C. J. ·From the cases cited by the defendant's counsel, it appears, that the Supreme Court of New York, considered a commission, as suspending a cause, so that it could not be noticed for trial, without a previous application at bar, to vacate the rule for a commission, or for leave to notice the cause for trial, notwithstanding the commission had not yet been returned. But by a later case than any of those cited by the defendant's counsel, *Jackson* v. *Woodworth*, 18 *Johns'. R.* 135, it appears that the practice in the Supreme Court of New York, upon that subject, has been modified, and is now regulated by a standing rule of court. In this court, we have never had any specific rule of practice, in relation to this matter. It is true, that in *Den* v. *Wood*, 5 *Halst.* 62. Ewing, Chief Justice, is reported to have said, that "an order for a commission, of itself stays the proceedings, unless there is something in the order, authorizing the suit to proceed in the mean time." But so far as we can learn, this remark of the Chief Justice, if he really made it, was not justified by any decision of this court, or by any rule of practice on the subject, then known to the bar. In my opinion, it would be an inconvenient rule, and lead to much vexation and delay. The court, when it grants a commission, may no doubt, prescribe terms, when requested so to do, and the circumstances of the case, or the ends of justice require it: but when a

Stokes v. Garr.

commission is applied for *in season*, it is allowed without annexing any condition. In such case, if sued out on the part of the plaintiff, he of course will not notice his cause for trial until his commission has been returned, unless he confidently expects it will come back in time for the Circuit. If he neglects to speed the execution and return of his commission, the defendant can apply to this court for a rule on him to bring his cause to trial, or that there be judgment against him, as in case of a nonsuit. On the other hand, if the commission is sued out by the defendant, the plaintiff may notice his cause for trial, whenever he thinks the defendant has had time enough to have his commission returned—and the plaintiff does this at his peril. If it appear to the judge at the Circuit, that there has been ample time, for the execution and return of the commission, the cause will be ordered on, unless the defendant can show some satisfactory excuse for the delay. But if the plaintiff should be so impatient, as to notice his cause, without allowing the defendant a reasonable time to have his commission executed and returned, the cause would be ordered off, without costs. This matter may be safely confided to the discretion of the judge of the Circuit, and it is much better to do so, than to tie up the cause, so that neither party can move in it, until an application can be made at bar for leave to do so.

In this case, the judge did right in ordering on the cause. The commission was issued in May Term, 1839 ; the Circuit was on the 4th Tuesday of January, 1840. More than eight months had elapsed, and yet the defendant offered no excuse whatever for the delay, but only read an affidavit that he had heard nothing about the commission since he sent it. Even that affidavit had been made three months before the Circuit, (probably for the purpose of being used at the preceding October Circuit,) since which, the defendant had ample time, by correspondence or a messenger, to have heard from the most distant part of the Union. This had, to say the least of it, very much the appearance of using the commission, for delay ; and the cause, was therefore properly ordered on and tried. And as no excuse, even now, is offered to the court, for the commission not being returned, nor any affidavit of merits or surprise ; the motion for a rule to show cause, must be denied.

*Motion denied.*